The next matter is U.S. v. Higdon. Good morning, Your Honors. May it please the Court, I'm Robert Zosmar on behalf of the government. Your Honors, I'd like to reserve three minutes for rebuttal. Okay. Your Honors, in this case, the District Court made a mistake in not following the precedent of this Court and in withholding from the jury the very nature of the crime that was charged against the defendant. The first trial, as you know, ended in a hung jury. We face a retrial, and we ask the Court to direct the District Court to correct those errors and not make the same mistakes at the retrial. Mr. Zosmar, as a necessary threshold question here, we have to explore our jurisdiction always, and I would say, at least speaking for myself, especially in this case, it is in some respects not the ordinary, and I don't think that in the government's brief you've necessarily parsed the jurisdictional requisites under 3731 and what specific decree or directive of the District Court might then be appealable pursuant to 3731, and also what again, speaking only for myself, it seemed to me that 3731 is not necessarily applicable to all of what happened here and all of the Court's rulings, and vice versa with respect to the All Writs Act. So could you address how we have jurisdiction under either or both of those statutes for those specific rulings made by the District Court about which you complain? Yes, Your Honor. We tried to parse it, and I'm going to try to do a better job now. With respect to Section 3731, that permits the government to bring a pretrial appeal of the suppression or exclusion of evidence, and specifically here, the government filed a pretrial motion before the retrial, which hasn't occurred yet, filed a pretrial motion to admit the two stipulations that the parties entered, one, that Mr. Higdon has a prior felony, and two, that the gun previously traveled in interstate commerce. The government made a specific motion to admit that evidence. A stipulation is evidentiary. Absolutely, Your Honor. And what 3731 speaks to, at least in part, is the exclusion or the suppression of evidence in the government's right to appeal from an order. That is correct. So 3731 is applicable here with respect to the refusal by the District Court to provide that stipulation to the jury. Exactly. In fact, is there anything in the record in this case that suggests what was done, if anything, with that stipulation? Because I wasn't able to determine anything beyond the court's colloquy, I think, of Mr. Higdon and an indication that the stipulation was accepted, and then it just kind of seems to fall off the edge of the table. Well, that's right. There was a copy that was provided to the court. The court did inquire of Mr. Higdon regarding it. There was a statement that it is, quote, in the record, whatever that means. But that's it. The government specifically asked, both at the trial and after the trial, that the stipulations be provided to the jury. That's the point of stipulating regarding evidence. All right. And the judge declined to do that. And the defendant agreed? The defendant also requested the stipulation be provided? It wouldn't really matter, but I'm just curious. Well, the defendant actually never addressed that. The usual assumption when you enter a stipulation before trial is, at some point, the jury is going to be told about it. This is a written stipulation. It is. Is the complaint that the judge refused to allow it in evidence at all? Correct. All right. That's correct. And the judge went further than that, and that's where we get into our mandamus petition. How did he not allow it into evidence, by which I mean a part of the record in the case, as opposed to going out with the jury or even being read to the jury, when he colloquied Mr. Higdon and did indicate, I believe, and I don't have the specific part of the transcript in front of me, but he indicated it was accepted, that it was part of the case, whatever. Well, that's right. There was a stipulation. But where he excluded it is by not permitting the jury to see it, consider it, know about it. The jury at no point knew anything about this evidence, which is what a stipulation amounts to. Correct. And to say that because it was in the record, and this is what my friend Mr. George argues in his brief, to say that because it's in the record, there has been no exclusion of evidence is a novel proposition that is inaccurate. If I could just return to the two jurisdictional questions I've raised, too. You've answered my question with respect to 3731. But you've also complained here and appealed from the Court's preliminary refusal, I say preliminary meaning in advance of trial, to instruct on all the elements of the offense. That's right. No. Correct. Yes. There are two other complaints we've made, though they're all, as we say, inextricably intertwined. Did he say that he would not charge on that? Or I guess before trial, on the retrial, did he tell you what the charge was going to be? Or did you ask that the charge be specifically given to include all three elements and he rejected it? How did that? Yes. What happened here, and I want to say, we have two other complaints, if we're parsing this and breaking this down, besides not giving the stipulation to the jury. Number one is not telling the jury what the crime is. And number two is not instructing on all the elements. And the final instructions were preliminarily. You argue about some duty to preliminarily tell the jury, I think, what the case was about. Both, really. I mean, the Court did not permit the government to open and tell the jury what the crime was. Where does the government have a right to do that? I mean, where is that a clearly erroneous determination by the Court? Well, I would suggest in the way the trials proceed that the government and any litigant has a right to state what the matter is that's being decided. Your much stronger argument, though, is with respect to the Court's charge, the Court's final instruction. Well, I agree. But what goes hand-in-hand with that is the need to argue to the jury based on what the charge is going to be. That's why the judge ordinarily will always discuss the charge before the arguments. Well, sure. You wanted the jury to understand that he'd been convicted of a felony. Correct. You weren't proposing to go further than that, were you? Absolutely not. Any detail of the crime itself. No, and that's why there was a stipulation consistently. So what you were expecting was an instruction like you had in the first trial, which is jurors, if you find he was in possession of the gun, then you found that it was illegal. Right, because what happened here, and to go back to Judge Smith's trend as to what the process was here, what happened was we went through this trial in which the prosecutor did ask to tell the jury what the crime was, have instructions on the elements, submit the evidence. The judge refused. So after the trial, we made a specific motion on these very points. Much of our brief, actually, is copied from that motion, asking the Court specifically, tell the jury what the crime was, instruct on the elements, allow the evidence proving the elements. And the judge didn't deny that motion. So that's where we clearly have a statement from the judge in the judge's order as to how it will instruct, that it will instruct again in the way it did before, which is to only tell the jury that all it needs to determine is whether the defendant possessed the gun, period. The only way you could avoid getting to what might be a preliminary context is to wait for the instruction to be given, wait for a verdict to come back, which may be an acquittal, and then there's no appeal. Well, we're done. And that's the reason that this Court has recognized in the past that where a court is prepared to give erroneous jury instructions in a criminal case, that is an exceptional matter in which mandamus will be considered. Well, not just any old error in the instruction. Well, no. Our appellate jurisdiction would not be that expansive, would it? Certainly not. I mean, what we're talking about here is a fundamental error from your point of view, a failure to instruct on the basic elements of the offense. The jury never was told the elements, all the elements of the offense, right? You took the words out of my mouth. I think fundamental is the correct description of what happened here. For all this jury knew, this could have been a charge, a prosecution based on a failure to obtain a permit or a license to have the weapon, right? Certainly. The jury could speculate that there could be any regulation out there that it doesn't know about. It might be an illegal alien in possession of the weapon. Right. Or any reason that someone wants to say that this gentleman, unlike most Americans, cannot possess a firearm. The judge, I think at one point did say, maybe in voir dire, that it was illegal under these circumstances. But then under these circumstances, I don't know what the circumstances were, but I think he said at some point, you have to find beyond reasonable doubt, he possessed it and that possession was illegal under these circumstances. But then that was just left out. Correct. That's all that was said. The only statement along those lines, as Your Honor points out, was in the voir dire with the entire array of potential jurors. Nothing was said after that regarding any reason why the jury was there other than to determine possession. And the courts have spoken very clearly to this. As we point out, there are three other circuits that have granted mandamus in precisely the same circumstance because of the fundamental error that this involves of having a jury sit in deliberation over another person's fate without even knowing why they're there, without knowing what the crime is that they're being asked to pass judgment on. So you would endorse the language of the Second Circuit cases, I believe, and their names are not coming to me, but that really discuss the inherent nature of the process that any jury goes through in deciding a case that they are not mere finders of fact, but that their role, their obligation includes more than that, that they need to know fundamentally what the case is about and not simply be provided with some kind of special interrogatory. That's exactly right. The most recent Second Circuit case on that is Amante. But even before that, what's very pertinent is the Second Circuit's 1993 decision in Gilliam. Gilliam said what Your Honor just summarized. Amante quoted very liberally the earlier case. That's right. And what I'd like to emphasize is that not only has the Second Circuit, of course, relied on its own precedent, but so has the Supreme Court relied on Gilliam, citing it in Old Chief for the proposition that Your Honor just eloquently described, which is that a jury is not just a fact-finding body. He couldn't remember the name of the case. If I had conjured up the name, I would have spoken it beautifully. I'm sure you would, eloquently even. You don't have to suck up, Mr. Zalzman. I'm good at the mechanical details, Your Honor. I can cite the names of the cases, but I'll borrow the argument. But Old Chief cites Gilliam for the proposition that a jury needs to understand, as it said, the moral underpinnings of the case that's before it, why it is being asked to sit in judgment. This Court in Jacobs, in rejecting the bifurcation idea, which is what Mr. George proposed in this case, relied on Gilliam. Many circuits have relied on the Second Circuit's very clear explanation of what a jury is for. It's not just there to make a factual recommendation. It's there to pass judgment on the crime. Unless the Court has any further questions, I see my time has expired for now. You save some time, I think, too. Thank you very much, Your Honor. Good morning. If you'll please the Court, I'm Paul George for Mr. Higdon. It's like old homework here. Mr. George, maybe I'm missing something, but help me understand how you win. Here's how I win. Do you have some idea what the crime is that the guy is charged with? I don't stand here asking this Court to approve of a procedure where a jury isn't informed of the crime that the individual defendant is charged with. You would concede it's rather unusual. That wouldn't be typical. I'd hope it's unusual. I do say that it's equally atypical to have a crime where built into the very elements of the crime is something that's typically kept from any jury, which is the person's criminal past. You are absolutely and totally right, as far as I'm concerned. That doesn't get you anywhere because we've got Jacobs sitting here. I say it does. And if the Court permits. Why would you pass Jacobs? Jacobs, first of all, is a pre-Old Chief case. How does the Old Chief help you? Well, it's my position that Old Chief sort of tore the curtain away and allowed us to look at what's really going on in these cases. I know that's your position, but tell me what in Old Chief helps you. Here's what helps me. First of all, it's clear in Old Chief that the government does not have the unfettered right to prove its case in any manner that it wants because of the odd nature of the elements of the offense here. Number two, it's clear from Old Chief that some judicial instruction can't have the curative powers that it's typically given, ascribed to it, when telling the jury how they can use evidence of somebody's criminal past. That would be helpful if what the government was trying to do here was to get out all the juicy details of the prior felony. All they wanted to let the jury know was that we can prove beyond reasonable doubt that the defendant did all the stuff he's charged with in 922G. And by the way, you probably should have an idea of what that stuff is. They're not getting into the details of the underlying felony. Right. And if that's all they really wanted, then this bifurcation procedure, there would be no objection to it because you could put in front of the jury the crucial question, the only factual question in dispute, which is did this guy have this gun? Except, again, there's Jacobs and every other court of appeals that has looked at the, I think most of them, I think all of them, since Jacobs has agreed with Justice, now Justice Alito's opinion in Jacobs. And I say that Jacobs can't be accepted. The rationale in Jacobs can no longer be accepted in the wake of Old Chief. Jacobs is a case that says, as so many cases did, oh, there's no prejudice here. It's simply an element of the offense. And then without any further explanation, went on to treat other issues. And I don't think that there is any case that actually tells you logically from A to B to C why when you make a public announcement at the commencement of a trial that a guy has a criminal record, that that's not prejudicial to him simply because it's been built into the offense. I mean, I understand what you're saying. But my view of Old Chief is that they tried to sanitize the, in the old days, you did trot out the nature of the crime as part of the prosecution. And they were attempting to end that. But I don't think they were inviting us to revisit the whole substance of the offense. I think it would be up to Congress if they want to change the elements of the crime. But here's my more fundamental problem. Part of me, my really idealistic side, sympathizes with the purity of your argument. But we admit bad act evidence all of the time. Prosecutions are not necessarily confined simply to the crime charged. Under 401B, we admit evidence of bad conduct that goes to motive, planning, identity, any number of uses. So it's not an alien idea. I suggest to you respectfully, sir, it becomes alien when you're saying that this is this man's status, when it has no other relevance other than to say this is this man's status. It has nothing else to do with the question, the only question in dispute. I'm asking you to say, look, this does unfairly prejudice a defendant. I'm not asking you to rubber stamp what Judge Fulham did here. I am asking you to conclude that it would not violate old chief if a judge elected to bifurcate the proceedings in order to safeguard the integrity of the trial. I mean, it's crazy to say in case after case, in jurisdiction after jurisdiction, that knowledge of a guy's criminal past predisposes a jury to convict. And then to turn around and say when there is a very simple mechanism for avoiding that to happen and yet still allowing the government and the jury to either present or know about all the elements of the offense, that we won't do it because Jacob said we can't, but Jacob's pre- it was a case decided prior to old chief. Old chief is the first case where they honestly were able to say, you know, yes, this is a situation where a 403 and 404 analysis comes into play. All of the members of this panel have evinced some sympathy for the basic point you're trying to make, but the so-called argument about bifurcation goes to an issue that is not before us, doesn't it? I mean, you didn't ask for bifurcation. You're not here appealing from a denial of bifurcation. I asked for bifurcation in a motion submitted after the government had submitted their motion. My point is it's not an issue on appeal here. But this court could certainly observe that that would have been a way to resolve. In terms of the jurisdictional issue, the bifurcation issue is not in the same kettle as the judge's failure to allow the stipulation to read to the jury. There is a situation there where the All Writs Act may kick in. The bifurcation doesn't go to suppression of evidence. It doesn't go to the two things that are required under the All Writs Act to give us mandamus jurisdiction. So I'm not even sure we could do anything to reach the bifurcation argument. Jurisdictionally, that's really not an issue we can reach, I don't think. Well, I don't know. You may be back. And if your client is convicted, that might be a very appropriate argument. Well, I submit to this Court that you can certainly, in passing on what Judge Fulham did, do so in such a way as not to restrict some facet whereby, I mean, we all know what's really going on here. Judge Fulham is like the voice in the crowd in the Emperor's New Clothes story. The only reason why it's so important that there not be bifurcation here is so that the jury can find out that the guy has a criminal record, and in a closed case, maybe that'll sway them their way. That all the other fine points, the hair splitting, the importance of every element being presented to the jury are just, you know, costumes for that underlying desire. What do we do in a scenario where a judge apparently just takes it upon himself to defy the law and decide that he's not going to let a charge be read to the – not going to give a charge to the jury that would lay out the elements of the offense? How do we handle that based upon your argument? I do remind the Court that Mr. Higdon in open court agreed that if the jury found that he possessed the weapon, that the stipulations that he had entered into would be in effect and that he would be guilty. But that doesn't really help because the risk of acquittal becomes so great, especially in a case like this where you might have some folks on the jury who are very sympathetic to gun ownership and gun rights and be really offended by the government apparently for no reason whatsoever prosecuting somebody for a gun. Well, it wasn't for no reason. He did tell them that, you know, it was unlawful under these circumstances. That doesn't answer the question. And the question of why – you know, I ask the Court, why is that so important in the case where – so important that Judge Fulham has to allow the man's status to be broadcast to the jury before the possession? Would you agree that the jury is free to reject the stipulation? Even if you and the prosecutor stipulate to something and give it to the jury and the jury is told that they may accept that as an established fact, they don't have to. They can reject it. They can, but they're told that they should accept it by the – The jury would have to resort to nullification to do that. But let me ask this. Suppose the judge felt as passionate about this as you did. Why would it not be satisfactory for the judge to explain the elements correctly of the crime, explain that there was a stipulation as that element, and therefore the jurors are not to discuss it in their deliberations, much as we instruct jurors that they're not to discuss the fact that a defendant didn't testify? Would that go some way to alleviating – I'm not sure that it would be appropriate for a judge to do anything more under – I think Cornish is the case in the Third Circuit, to tell them anything more than they should accept a stipulation to completely take away from them their right to reject it. I'm not certain it would be something that I could defend. You have heard judges give, when requested, instructions that jurors are not to speculate about the nature of the felony. Right, I know, but I mean that's – in fact, all defense attorneys would feel that that's exactly what they would do. And when you tell them that the person has a felony, you don't know whether they were short-dumping or whether they were committed a very vile and violent offense. Mr. George, in this particular instance, where what the district court refused to do was instruct on all the elements of the offense, and that the excluded element was one that I think we would all agree was prejudicial to your client, whether or not it was unduly prejudicial or unfairly prejudicial, I leave for discussion. But in an abstract sense, doesn't it bother you as a defense counsel that this court is being asked – you are effectively asking this court to condone a determination made by a district court to pick and choose what elements of an offense a jury should be instructed on when elements of the offense are always – must always be proven beyond a reasonable doubt by the prosecution? I mean, in the general sense, in an abstract sense, if we condone that, can't you conceive of instances where that could be very harmful to a defendant? I certainly agree, and I'm not here defending the proposition that a judge can decide which elements he's going to tell the jury about when a crime – a specific crime is charged. And that's true even when stipulations are agreed upon by all parties. Isn't that the result if you were to win? Isn't that, in fact, what the opinion would end up doing? Would say to the trial judges, basically, you can tell the jurors about the elements that you think they should know about. I don't ask you to write such opinion. My request is that this court write an opinion that recognizes the unfair prejudice that can come from telling a jury at the beginning of a trial that the guy has a criminal record, that this court say that although there are elements of the offense and that they cannot be withheld from the jury, that the judge does have discretion to structure a trial in such a way that those – the inevitable prejudice is mitigated, that this court recognize that the only reason why the government won't agree to that is – agree to bifurcation is because they know they get an advantage when they tell that to the jury. Well, you know, that – in many cases I'd answer that's true, but here there really is a risk that the jury would come back with an acquittal because they would be dumbfounded about what in the hell is this case about? Why is this poor slob being prosecuted for having a gun when there'd be a real good chance that some of the jurors themselves would own guns at home? Well, I'm not asking – Because there's a chance of an acquittal that they could never reach on an appeal. I don't think – well, all you're really saying, the reverse side of that, is unless the government gets the advantage of telling the jury that the guy is a criminal, that there are – there's a risk of acquittal. I think the risk of a conviction when the evidence isn't strong enough otherwise to convict is a greater problem here and that it arises specifically because of the government's rejection of bifurcation. I mean – To grant you the relief you want, would we have to overrule Jacobs? I think that you would have to find that Old Chief, in light of Old Chief, that the rationale that underpinning of Jacobs, which was that, what's the harm, it's just an element in the offense, that Old Chief recognized that that explanation was inaccurate. And then, in fact, I would ask this Court, if you were going to decide that just because something is an element of the offense, it's not prejudicial anymore, to explain what is it that vitiates the prejudice, because none of the opinions that I read ever do that. The answer would be the theory of construction, which may not be very satisfactory, but that would be the answer. And I think that that's exactly where Old Chief kicks in, by saying that that kind of judicial instruction in this unique situation, here's a situation where the government can't prove their case any way they want to, and here's a situation where we don't automatically assume that a judicial instruction has some Nazarene effect of wiping away a problem that all these other cases in every other context have recognized literally for centuries. I mean – As you've been arguing, I've been going back to Old Chief, and I'm not sure there's room within that case to distinguish – I would ask you to look at footnote 10 of Old Chief, which talks about the way we're suggesting dealing with the problem here isn't necessarily the only way that it could be handled. I mean, I think that footnote speaks broadly to that proposition. Certainly it wasn't dealing with the kind of situation that this Court's presented with here. But, you know, to just say, oh, it's an element, how can it be prejudicial, the jury has to know all the elements and ignore what Old Chief recognized, that this is the kind of thing that leads to unfair verdicts. I suggest – If you put footnote 10 as a redacted record of conviction, that wouldn't help you. I mentioned that as one way to address the problem. That would certainly not help you because that doesn't alleviate the concern you have. An alternative, in addition to redacting the conviction, is to require some jury instruction to explain the discretion when the indictment is read. I think it speaks broadly to the notion that the courts are not limited. I mean, what was in front of Old Chief was a specific question. Was the district court correct in rejecting the stipulation? The question of a bifurcated proceeding was not in front of them. But I say that because they, for the first time, admitted how prejudicial this was going to be and admitted that a judicial instruction wasn't going to cure the problem, but didn't they admit in Old Chief not that the fact of the prior conviction was prejudicial, the fact of the details of the prior conviction was prejudicial? That's what was in front of that court at that time. Correct. So how does that undermine Jacobs? How does that undermine Jacobs? It only undermines Jacobs if you look at how Jacobs justifies its conclusion, which was that, at the time, you could bring in the crime, tell them exactly what it was. You didn't have to accept the defendant's stipulation, et cetera, et cetera, simply because it was an element of the offense, that that had some kind of talismanic power to efface the problems that are presented by the statute. I mean, it certainly can't be the case that you could forever do away with the problems inherent in telling the jury that the guy has a criminal record just by creating a separate category of every Federal offense, Federal offense not to be convicted by a felon. I'm sorry. Wouldn't it be easier if you were here making this argument to us on an appeal of a conviction, rather than having us get into this wholesome problem of a judge taking it on his own? Well, except that it's now that it is in front of this court, and there is an opportunity. We have to address two problems, and Judge Cheney made a very good point. We have to address not only the substantive argument you're making about prejudice and any impact it will achieve on Jacobs. We have to address the situation where a judge decided that he was going to take it upon himself to not tell jurors certain elements of an offense. And I think clearly there is jurisdiction to reach that issue. I don't think, as I said before, there's jurisdiction to get to your issue. But the flip side of that is that there are two very different policy things at work. One is the policy argument, which you are very eloquently arguing, in terms of the outcome of Old Chief. The other one, though, is what do we as an appellate court, with certain supervisory powers for the district courts, what do we do when confronted with a situation where a judge just apparently takes it upon himself to really disobey the law? Even in so far as the model jury instruction is concerned, they flagrantly ignore the model jury instruction. And I guess a judge could do that if, in reasoning, the judge concluded that there's something about that that was unconstitutional or illegal and write an opinion that would bring that to our attention. But to just, as Ipsit Dixit, ignore model jury instruction, ignore telling jurors about the elements of a crime based upon some personal sense of how he was going to mitigate the prejudice coming out of 922G prosecutions, irrespective of what the law was, that's troubling. And I hope you understand that I haven't been advocating the proposition that judges can pick and choose which elements of the offense with which to acquaint the jury. But I do ask you, though, to recognize the problem here. I, as a defense attorney ---- But what you're saying is more than one problem. You're focusing on nine-two problem. Institutionally, there's a much more troubling, at least from my perspective, and a much bigger problem. And in order to get to your problem in the way that you suggest, it seems to me you're talking about if your client is convicted, getting into a situation where then the argument would not be dicta when it's resolved, whether you win or lose it on appeal. But I think, frankly, your argument under the prejudice argument makes sense. I've always had problems with the inherent prejudice of telling somebody that. The problem is that none of the reported opinions on this recognize that. In fact, they breeze right by it and say, how could that be a problem? It's just an element of the offense. And, I mean, I understand that I'm paraphrasing and making it sound a little less, but certainly the analysis isn't very exhaustive in those opinions, and that if this court were to structure its decision in this case, it's to recognize that problem and to make district courts aware that they have ---- Okay. Well, we understand your argument. I must say your advancing years has not reduced your ability to be persuasive. I take that as a reproof. And thank you for hearing me out. Just two quick points, Your Honor. First of all, the court would be overruling not just Jacobs, but several cases in this Court's precedent. You'd have to overrule the 1979 Third Circuit decision in Williams that rejected exactly what Judge Fulham did here, which is not to withhold this element from the jury. You'd be overruling Jacobs. You'd be overruling Cornish, which is the case that, as Mr. George said, answers Judge Stern's question. It's not nullification. The jury absolutely has a right under Cornish not to accept a stipulation, and that's been incorporated in the model Third Circuit jury instructions. So that gets overruled. The fact of the matter is that there is a very clear precedent here that the district court, without any of the loquaciousness or eloquence or anything of my colleague, just summarily rejected and did not follow. And that's why we thought it was an appropriate case to seek mandamus. The other point that I want to make with the Court's indulgence I think is very important. Mr. George says, let's look at what's really going on here. The government is trying to prejudice the defendant by saying that there's a prior felony. I reject that. That's not the case. This debate has been fleshed out. It hasn't been breezed over in decisions. This is a debate that went on, particularly in the 80s and early 90s, and was resolved by this Court and by circuit after circuit, that there is nothing unduly prejudicial about telling a jury what the crime is and why they're there. The situation you have here in which a jury hears, okay, this gentleman's previously been convicted of a felony, and now they say he possessed a firearm, that is no different and no more prejudicial than any crime that is when the jury is told of the details. If you tell a jury this gentleman here is accused of murder, the jury immediately perks up and says, all right, this is a serious business, and we now have to decide did the person commit this crime. If you tell the jury this person is accused of murder having previously been convicted of murder, that's assuming that the State created a separate offense of murder, and first degree murder became not only killing with a specific intent, but any intentional killing, including that which would normally be third degree not intentional, including that which would be third degree murder in Pennsylvania if there's been a prior killing. There are crimes like that. There are federal crimes of committing crimes in prison where a prisoner commits a murder or assault or whatever, and that's an element of federal offenses. What we have to recognize, and I think a very important point, is that jurors are not fools. Jurors are our fellow citizens. They are intelligent people who come and expect to hear a criminal case being tried. The suggestion is being made here that the moment that they hear that the offense is possession of a firearm by a previously convicted felon, they will lose all reason, they will have the inability to weigh the evidence and apply the reasonable doubt standard in determining whether the person did what the government says he did. That is not the case. We trust juries, the Constitution trusts juries, to hear what the crime is, hear what the elements are, and make a reasoned decision. That's why, as one of your honors pointed out earlier, the courts admit 404B evidence all the time that talks about prior misconduct, where it's relevant. The jury is instructed in the appropriate way to consider that evidence, and we trust that they can because they're intelligent people, and they're not going to simply come in and say, oh, well, he committed a crime before, so therefore he had a gun on this occasion. That's an absurd conclusion, and that's why the circuits decided this the way they did over and over and why it's the government that's prejudiced in this case when the jury is not told what the crime is at all. Thank you very much, Your Honor. Thank you. I will take the matter into advisement, a very interesting case. Actually, today, unlike yesterday, there are three very interesting cases. I'll take a brief break, and then we'll hear Inouye Grand Jury.